NOT DESIGNATED FOR PUBLICATION

No. 110,562

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER DALE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES F. DAVIS, judge. Opinion on remand filed February 19, 2016. Affirmed in part, reversed in part, and remanded with directions.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and BUSER, JJ.

*Per Curiam*:  Following this court's memorandum opinion in *State v. Dale*, No. 110,562, 2015 WL 2414264 (Kan. App. 2015) (unpublished opinion), filed on May 15, 2015, (*Dale I*), the State filed a petition for review. On February 5, 2016, our Supreme Court granted the petition for review as to Issue II only and remanded this case to the Court of Appeals for reconsideration in light of *State v. Williams*, 295 Kan. 506, 516, 286 P.3d 195 (2012) ("[T]he current definition of clearly erroneous sets up the test to determine whether the instruction error requires reversal, *i.e.*, whether the reviewing

1

court is firmly convinced that the jury *would* have reached a different verdict had the instruction error not occurred.") (Emphasis added.).

In *Dale I*, this court concluded that the district court's jury instructions on aggravated robbery were clearly erroneous, and we reversed Christopher Dale's convictions of aggravated robbery and remanded for a new trial on those charges. 2015 WL 2414264, at *6. In setting forth the applicable standard of review, this court cited *State v. Brown*, 300 Kan. 542, 555, 331 P.3d 781 (2014), for the proposition that a jury instruction is clearly erroneous only if the reviewing court "'"is firmly convinced that the jury *would* have reached a different verdict had the instruction error not occurred."'" (Emphasis added.) 2015 WL 2414264, at *4; see also *Williams*, 295 Kan. at 516. In the final paragraph of the memorandum opinion on this issue, we stated: "But because the district court's jury instructions on aggravated robbery completely undercut Dale's defense, we are firmly convinced that the jury *could* have reached a different verdict had the instruction error not occurred." (Emphasis added.) 2015 WL 2414264, at *6.

In *Dale I*, this court was aware of the proper standard for determining whether a jury instruction is clearly erroneous. This court did not consciously intend to use the word "could" in the above quoted sentence; rather, the use of the word "could" in the above quoted sentence was a typographical error. This court intended to state as follows: "But because the district court's jury instructions on aggravated robbery completely undercut Dale's defense, we are firmly convinced that the jury would have reached a different verdict had the instruction error not occurred."

We otherwise adopt the reasoning in *Dale I* as to whether the district court erred in instructing the jury on aggravated robbery. We conclude that the jury instructions were clearly erroneous, and we reverse Dale's convictions of aggravated robbery and remand for a new trial on those charges. We reaffirm Dale's conviction of theft.

Affirmed in part, reversed in part, and remanded with directions.